IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MT. HAWLEY INSURANCE COMPANY

    Plaintiff

vs.                             Civil Action No. JKB-17-0252

ADELL PLASTICS, INC.

    Defendant

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Now pending before the Court is the motion of Adell Plastics, Inc. seeking leave to file an amended counterclaim (ECF No. 21) in which they propose to allege bad faith against their insurance carrier. Mt. Hawley Insurance Company opposes the motion (ECF No. 27), and Adell has replied (ECF No. 34).

The Court has carefully reviewed the three submissions and the many attachments. The salient principles are that parties should be permitted to amend their pleadings freely, provided they do so within the time provided in the Scheduling Order, and provided that the proposed amendment(s) is not fatally flawed or futile.

An allegation of bad faith is a particularly heavy charge when made against an insurance carrier. Such an allegation should be carefully considered before it is lodged. Apart from its significance in the pending litigation, regulators tend to take notice of such contentions and, if proven, tend to act against insurors so accused. Accordingly, it is particularly important in this context that the Court faithfully perform the familiar Iqbal/Twombly gatekeeping function. With that in mind the Court has scrutinized the proposed first amended counterclaim (ECF No. 21-3). That scrutiny reveals, among other allegations, the contentions in proposed paragraphs 42, 43,

and 44.  The content of paragraph 43 in particular is damning.  The sum and substance of the allegation is that the carrier denied coverage before properly investigating the circumstances, and before examining records easily obtainable that demonstrate that the exclusion they propose to apply is unavailable.  (Of course, the Court makes <u>no</u> determination whatsoever as to the accuracy of this heavy charge—only that *the claim* of bad faith is not futile.)

Accordingly, the motion (ECF No. 21) is GRANTED, and the Clerk is instructed to docket the document set out as Exhibit No. 3 (ECF No. 21-3) as the operative ANSWER, STATEMENT OF AFFIRMATIVE DEFENSES, AND FIRST AMENDED COUNTERCLAIM in this case.

DATED this 18th day of August, 2017.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge