IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MT. HAWLEY INSURANCE COMPANY　　＊

　　　Plaintiff　　　　　　　　　　　＊

v.　　　　　　　　　　　　　　　　　＊　　　Civil Case No. 17-00252-JKB

ADELL PLASTICS, INC.　　　　　　　＊

　　　Defendant.　　　　　　　　　　＊

＊ ＊ ＊ ＊ ＊ ＊ ＊

## **MEMORANDUM OPINION**

This case arises out of a commercial property insurance policy coverage dispute brought by Mt. Hawley Insurance Company ("Mt. Hawley" or "Plaintiff") regarding multiple buildings belonging to Adell Plastics, Inc. ("Adell" or "Defendant") that were destroyed in a fire. Mt. Hawley has brought this action claiming that Adell did not meet certain conditions of their insurance contract and, therefore, Mt. Hawley has no duty to cover Adell for losses resulting from the fire. This case has been referred to me for resolution of all discovery and related scheduling matters pursuant to 28 U.S.C. § 636 and Local Rule 301. (ECF No. 25). Now pending before the Court are Plaintiff's Motion to Compel, Plaintiff's Motion to Strike, and Defendant's Motion to Compel. (ECF Nos. 28–29, 33). In all, Plaintiff and Defendant both complain of insufficient answers to their discovery requests by the opposing party. The Court has reviewed ECF Nos. 28, 29, 33, 36, 37, and 38, and also conducted a telephone conference with the parties. The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). For the reasons stated below, Mt. Hawley's Motion to Strike is denied. As for the parties' respective motions to compel, both motions are granted in part and denied in part.

**I. Background**

On October 4, 2016, Adell suffered a significant fire at its Baltimore facility. Adell made a claim for its fire losses pursuant to its commercial property insurance policy issued by Mt. Hawley. After initially providing Adell with a partial payment of $1,000,000 representing a portion of Adell's potential insurance coverage, Mt. Hawley eventually denied coverage pursuant to Adell's alleged failure to comply with a so-called "Protective Safeguard Endorsement," whereby Adell was required to have a working automated fire suppression system. Mt. Hawley brought suit for a declaration that Adell is not entitled to coverage and must also return the previous partial payment from Mt. Hawley.

For its part, Adell asserts that its automated fire suppression system was in good working order and functioned properly on the date of the fire, but was presumably overwhelmed by the nature and location of the blaze. Accordingly, Adell has brought a counterclaim alleging breach of the insurance contract stemming from Mt. Hawley's allegedly wrongful denial of coverage. Adell was also recently granted permission to amend its counterclaim to add a bad faith claim.

The parties now find themselves entrenched in a discovery battle over the sufficiency of their respective written discovery responses consisting of requests for production of documents and interrogatories. As with most trench warfare, notwithstanding the smoke and noise, little progress has been made.

Before addressing the substance of the competing motions to compel, the Court itself is compelled to comment on both parties' overall approach to their respective discovery responses, an approach that, while commonly seen by this Court, is at odds with the goals and language of the Federal Rules of Civil Procedure and instead contributes to the very type of stalemate found in this case. This approach certainly did not originate with these parties who are merely repeating a pattern seen in many civil cases over the years, and the Court is not singling the

parties out for special criticism nor implying any sort of bad faith on their part. But the Court would be remiss if it ignored an opportunity to point out the shortcomings of such an approach (including the difficulties it creates for the Court in getting to the heart of the dispute) and to suggest a more productive path forward for these and future parties.

The parties' respective responses both incorporate several familiar boilerplate objections that likely had their genesis in the fear that some legitimate protection would be waived by the failure to assert them, or that they would effectively camouflage a reluctance to address the substantive issues of the case. In reality, they have no lasting utility for either purpose. At best, such objections simply restate protections that are already well recognized and in place, and perhaps temporarily defer having to thoroughly investigate and grapple with the true strengths and weaknesses of one's case. In the process, however, such objections weaken any substantive argument and undermine the utility of the very tools meant to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. They also create a burden for any decision-maker to sort out exactly what the substantive response is so as to evaluate whether it should be clarified or supplemented. Both Adell and Mt. Hawley's objections will be addressed in turn.

## II. Adell's Objections

For its part, Adell reiterates in virtually all of its contested responses the claim that the information sought is "duplicative and cumulative" of that sought by other discovery devices, that it might be (in some unspecified way) protected by privilege or as work product, that it is equally accessible (or even more accessible) by Mt. Hawley, and that its disclosure is premature prior to Mt. Hawley providing its own responses. When, as here, these objections are asserted generically, the Court rejects them as inconsistent with specific provisions and the overall goals

3

of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B). The Rules require the grounds for objecting to an interrogatory "be stated with specificity." *Id.* Adell clearly does not satisfy the specificity requirement with its generic objections.

Further, such objections create no rights nor provide protections that do not already exist (such as attorney-client privilege or the "right"[1] to supplement upon uncovering additional information). As importantly, by lodging these objections generically, Adell has neither alerted the Court to its true position as to any of the discovery nor given the Court a basis to decide in its favor.

Similarly, couching one's response "notwithstanding these objections" compounds the problem as neither the recipient nor the Court can discern whether any information has actually been withheld pursuant to the objections. This tactic is specifically disallowed with regard to requests for production pursuant to Rule 34(b)(1)(c), but is equally inappropriate when responding to interrogatories. Finally, contrary to Rules 33(d) and 34(b)(2)(E), Adell cloaks any substantive response further by vaguely referring Mt. Hawley to Adell's entire document production, from which Mt. Hawley (and, in situations like this, the Court) might somehow discern Adell's true substantive answer. Fed. R. Civ. P. 33(d); Fed. R. Civ. P. 34(b)(2)(E) (requiring the responding party to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"). The Rules neither impose nor permit any such burden on the requesting party.

## III. Mt. Hawley's Objections

For its part, Mt. Hawley's responses contain similarly ineffective generic objections, including a boilerplate privilege objection and a vague objection to producing duplicative

---

[1] Both parties assert the "right" to supplement the response should discovery uncover new or different information. Far from being a right of the parties, it is an obligation of the parties to so supplement. Fed. R. Civ. P. 26(e)(1)(a).

4

information or information equally (or more) available to Adell.  Each response reiterates the objection that the documents are not relevant and proportionate to the needs of the case, an objection that the Comments to Rule 26 specifically make clear is not allowed.  Fed. R. Civ. P. 26 Comments ("Restoring the proportionality calculation [in discovery disputes]… [is not] intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional").  As with Adell, Mt. Hawley's responses also contain the hedge that information is being provided "subject to and without waiving the foregoing objections" without clarifying whether any information has been withheld in light of the objections.  Other empty objections make their appearance at various times, including that a particular term (e.g., "payment") is "argumentative," and that the information sought "is not admissible and not reasonably calculated to lead to the discovery of admissible evidence," a "standard" that, notwithstanding its frequent misuse, was never intended as defining the scope of discovery and, for that reason, has been completely removed from the Federal Rules in the 2015 revisions.

**IV.  Guidance**

The Court is not suggesting that the parties each do not have a legitimate basis for resisting some of their opponent's discovery, as will be discussed in more detail below.  However, their generic resistance to all discovery is neither the most efficient nor most effective way to raise these issues.  To the contrary, such an approach resulted in discovery grinding to a halt and the parties engaging in extensive briefing.  Like the boy who cried wolf, a party that reiterates the same nonspecific objections to every response obscures whatever legitimate objections might exist, and hinders the Court's ability to discern and resolve areas of true dispute on a timely basis.  By contrast, specific objections that are well supported give the Court a basis

5

for decision-making and are much more likely to be successful and quickly dealt with. If a request is not proportionate to the needs of the case, knowing what specific burden it imposes and what a more reasonable scope might look like is not only a much more robust argument, but is also of tremendous assistance to the Court. Similarly, if a request can be reasonably responded to in a substantive way, doing so greatly decreases the chances it will be challenged in the first instance, and greatly increases the chances that, if challenged, the answer will be upheld.

Furthermore, the Court is not demanding that the parties' revised responses need to exceed some arbitrary word count threshold or cannot cite to specific documents as shorthand in the appropriate instance. For example, stripped of its boilerplate objections, the Court has no particular quarrel with Adell's ultimate answer to Mt. Hawley's Interrogatory No. 6 (the factual basis of Adell's breach of contract counterclaim) provided that Adell provides some limited amplification of which "known facts" it alleges Mt. Hawley is acting contrary to in its denial of coverage.[2] (ECF No. 28). As another example, although Adell's answer to Interrogatory 7 regarding damages should be supplemented to provide totals for each category of its claimed damages, Adell could certainly reference any specific spreadsheet or other document(s) that provides the details of the underlying calculation for each such total rather than copying those calculations into its response. *Id.*

Mindful of the above observations, the Court will address the areas of dispute in turn.

<u>Mt. Hawley's Motion to Strike and Motion to Compel</u>

Mt. Hawley's Motion to Strike is denied. While it is true that the format Adell uses for its Motion to Compel does not follow that set forth in our Local Rules, Adell's format was not a significant hindrance to the Court. Moreover, striking Adell's motion would only further delay

---

[2] The Court suspects that these "known facts" might be the third party records of the company that provided monitoring and testing services for Adell's automatic sprinkler system and perhaps similar information.

this dispute. *See Daimler Trust v. Prestige Anapolis, LLC*, 2017 WL 3085680 (D. Md. July 20, 2017) ("District courts enjoy broad latitude in administering local rules") (internal citation omitted).

Mt. Hawley's Motion to Compel is granted as to Interrogatories 5, 13, and 14, and Adell will provide substantive responses to those. Adell is further instructed to supplement its answers to Interrogatories 6 and 7 in light of the Court's comments above. In any instance where Adell has directed Mt. Hawley to documents as part of its answer, it shall refer to the specific document or documents it believes are an appropriate adjunct to or substitute for its answer.

Mt. Hawley's Motion to Compel is denied as to Interrogatories 8, 10, and 12.

Adell's boilerplate objections are stricken, and any responsive information withheld pursuant to those objections should be produced. This does not apply to any legitimate claim of privilege or work product; however, any documents withheld on this basis should be listed on a privilege log.

Adell's Motion to Compel

Adell's Motion to Compel is granted as to Requests for Production 1, 2, 3, 4, 5, and 7 (subject to appropriate protective order) with the following instructions to Mt. Hawley. First, to the extent responsive material is in the hands of non-attorney third parties (such as experts who investigated the fire), Adell will send to Mt. Hawley a list of the information it seeks in greater detail, and Mt. Hawley will coordinate the production from the third party. As to the attorney files at issue, Mt. Hawley shall coordinate the production of responsive, non-privileged information currently in the hands of counsel. Second, the Court will not order production of reinsurance information at this juncture. The parties should submit additional case law support for their respective positions on this information within 10 days from the date of this Order.

Third, Mt. Hawley will submit to me within 10 days any documents that were redacted for containing reserve information so that I can make a decision regarding those redactions. Finally, the Court finds that no blanket privilege exists with regard to underwriting and subrogation information, and that information in those categories is potentially relevant and discoverable, especially given the new counterclaim for bad faith. For example, Mt. Hawley's understanding of the disputed automatic fire suppression system (including any potential limitations in that system) might be contained in the underwriting file.

Likewise, the subrogation investigation might reveal information inconsistent with Mt. Hawley's contention that the automatic fire suppression system failed to function or could have prevented or mitigated the claimed loss. Mt. Hawley will produce responsive information in those categories that is non-privileged, including any documents related to any factual investigation undertaken of the underlying loss and for subrogation purposes. If necessary, information in those categories may be produced pursuant to an appropriate protective order. Any documents withheld for privilege will be put on the privilege log.

Mt. Hawley is instructed to supplement its answers to Interrogatories 6 and 7 to make clear the information known to Mt. Hawley at the two particular points of time referenced.

Adell's motion is also granted as to Interrogatories 2 and 3 subject to the guidance above. Mt. Hawley is further directed to modify its privilege log to fully identify the individuals referenced and their job titles, and to provide enough detail in the description to allow Adell to challenge the assertion of privilege with specificity.

Adell's Motion to Compel is denied as to Requests for Production 6 and 9 except as described above.

Mt. Hawley's boilerplate objections are stricken, and any responsive information withheld pursuant to those objections should be produced subject to the above. This does not apply to any legitimate claim of privilege/work product; however, any documents withheld on that basis should be put on a privilege log.

Further Issues

The supplementation outlined above shall take place within 30 days from the date of this Order and, of course, is subject to the duty to further supplement pursuant to Rule 26(e). If the parties need more than 30 days to comply and they agree on a new deadline, they should file a joint request. If they do not agree on a new date, they should contact chambers and schedule a call with me.

The parties are to cooperate in the scheduling of depositions. In the appropriate case, depositions can be deferred if the deponent is likely to need to refer or rely upon the completed discovery responses.

If the parties believe that a reasonable extension of the discovery schedule is necessary, they should submit a joint request for my consideration.

Any further discovery disputes or scheduling issues that cannot be agreed upon after a good faith effort to do so should be summarized in a letter to me not to exceed three single-spaced pages and also filed on the docket. I will then conduct a phone call with the parties and decide whether more extensive briefing is necessary.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 29) is DENIED, Plaintiff's Motion to Compel (ECF No. 28) is GRANTED in part and DENIED in part, and

Defendant's Motion to Compel (ECF No. 33) is GRANTED in part and DENIED in part. A separate Order shall follow.


Dated: August 22, 2017                              /s/
                                           J. Mark Coulson
                                           United States Magistrate Judge