IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY, an Illinois corporation authorized to transact business in Maryland,<br><br>                Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ADELL PLASTICS, INC., a Maryland corporation, and DOES 1-25 ET AL.<br><br>                Defendant/Counterclaimant. | Civil Action No. 1:17-cv-00252-JKB |

**MT. HAWLEY'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

Mt. Hawley Insurance Company ("Mt. Hawley"), by and through its undersigned attorneys, pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby submits this Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment, on the basis that there exists no genuine issue of material fact and Mt. Hawley is entitled to judgment as a matter of law, stating as follows:

1. Mt. Hawley Insurance Company asserts claims for relief in this action against Adell Plastics, Inc., for a declaratory judgment that no coverage is owed under insurance policy no. MCP0164341 (the "Policy"), for losses arising out of a fire that started on October 4, 2016 at Adell's facility in Baltimore, Maryland (the "Loss"), and for recoupment of a $1 million advance payment issued by Mt. Hawley on October 10,

1

2016. Adell counterclaims alleging a breach of the insurance contract, and violation of Maryland Courts and Judicial Proceedings Code Ann. § 3-1701.

2. There is no coverage for the Loss under the Policy. Adell did not comply with the Policy's Protective Safeguard Endorsement, which establishes as a condition precedent for coverage that Adell was to maintain its sprinkler and alarm systems in complete working order; and that Mt. Hawley will pay no loss if Adell fails to do so and that failure to maintain contributed directly or indirectly to the loss or damage or to the extent of such loss or damage. The undisputed evidence proves that Adell did not maintain its systems in complete working order, as the sprinkler system serving Buildings 5 & 6 failed to operate in response to the fire. The undisputed evidence further shows that Adell's failure contributed directly or indirectly to the loss or damage or to the extent of such loss or damage. The finding of no coverage afforded under the Policy entitles Mt. Hawley to judgment on its claim for declaratory judgment and also on Adell's counterclaims for breach of contract and under Section 3-1701.

3. Neither waiver nor estoppel operate to create coverage for the Loss under the Policy. Nor do the facts of the case support application of waiver or estoppel in any event.

4. Mt. Hawley issued a good-faith advance payment of $1 million on October 10, 2016. Because there is no coverage for the Loss, Mt. Hawley is entitled to recoupment of the $1 million pursuant to its first claim for relief, plus pre-judgment interest thereon under Maryland law from the date of the payment to the date of judgment.

5.  Adell's Section 3-1701 fails as a matter of law. First, where there is no coverage there can be no recovery under that statute. Second, in the alternative, even if Mt. Hawley is found not to be entitled to entry of summary judgment with regard to the coverage issue, Adell's Section 3-1701 claim is still deficient as a matter of law because Mt. Hawley's conduct has been proper and reasonable, as a matter of law, under the totality of the circumstances.

6.  Mt. hereby incorporates the attached Memorandum of Points and Authorities, filed herewith, as if fully stated herein.

7.  For the reasons set forth in the attached and incorporated Memorandum of Points and Authorities, there are no genuine issues of material fact and Mt. Hawley is entitled to judgment as a matter of law on all counts of its Complaint and on all counts of Adell's Counterclaim.

8.  For the reasons set forth in the attached and incorporated Memorandum of Point and Authorities, Adell is not entitled to judgment as a matter of law on any count in its Counterclaim or in Mt. Hawley's Complaint and Adell's Motion for Summary Judgment must be denied.

WHEREFORE, for the foregoing reasons, Mt. Hawley Insurance Company respectfully requests that its Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment be granted, that Adell's Motion for Summary Judgment be denied, that judgment be entered in favor of Mt. Hawley on all counts of the Complaint and the Counterclaim or, in the alternative, that Mt. Hawley be awarded partial summary judgment, that judgment in the amount of $1,000,000.00 be entered against Adell and in favor of Mt. Hawley, that the Court declare that Mt. Hawley does not owe any sums to

Adell under the Policy for the Loss, for prejudgment interest, and for recoverable costs of suit, and for any such other and further relief as the nature of its cause requires.

By:   /s/ *Michael Prough*

Michael D. Prough (*pro hac vice*)
Dean C. Burnick (*pro hac vice*)
MORISON & PROUGH, LLP
2540 Camino Diablo, Suite 100
Walnut Creek, CA  94597
(925) 937-9990 telephone
(925) 937-3272 facsimile
mdp&morisonprough.law
dcb@morisonprough.law

Andrew T. Stephenson (Bar No.26504)
FRANKLIN & PROKOPIK, A.P.C.
2 N. Charles Street, Suite 600
Baltimore, MD 21201
(410) 230-3638 telephone
(410) 752-6868 facsimile
astephenson@fandpnet.com

*Attorneys for Plaintiff and Counter-Defendant Mt. Hawley Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2018, a copy of Mt. Hawley Insurance Company's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment and Response in Opposition to Adell Plastics, Inc.'s Motion for Summary Judgment, Memorandum of Points, and Proposed Order was electronically filed through the Court's ECF filing system and served on the following recipients:

John A. Gibbons, Esq.
BLANK ROME LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
jgibbons@blankrome.com

Omid Safa, Esq.
BLANK ROME LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
osafa@blankrome.com

*Attorneys for Defendant and Counterclaimant*
Adell Plastics, Inc.

                                                /s/
                                    Dean C. Burnick (*pro hac vice*)

2391