**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MT. HAWLEY INS. CO.,      *

     **Plaintiff,**      *

     **v.**      *      **CIVIL NO. JKB-17-252**

ADELL PLASTICS, INC.,      *

     **Defendant.**      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM

In January 2017, Mt. Hawley Insurance Co. ("Mt. Hawley") sued Adell Plastics, Inc. ("Adell"), seeking a declaration that their commercial property insurance contract did not cover Adell's losses resulting from a fire. The fire began on October 4, 2016 and proceeded to demolish several buildings at Adell's Baltimore facility. Since January 2017, Mt. Hawley and Adell have engaged in significant discovery and, most recently, moved for summary judgment. This Court decided the cross-motions for summary judgment, denying Adell's motion in full and Mt. Hawley's motion in part. *Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, Civ. No. JKB-17-252 (D. Md. Oct. 11, 2018). Pending before the Court is Mt. Hawley's motion to partially reconsider. *See* Fed. R. Civ. P. 54(b). The issues have been fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, the Court will grant Mt. Hawley's motion to partially reconsider and deny its partial motion for summary judgment.

### I. *Mt. Hawley's Motion to Partially Reconsider*

Mt. Hawley asks the Court to reconsider its partial motion for summary judgment on Adell's lack of good faith claim. (Mot. Recon. at 2, ECF No. 137.) Rule 54(b) governs

reconsideration of orders that are not final judgments in a case and provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time." Fed. R. Civ. P. 54(b). Mt. Hawley asserts that, although the Court ruled on Adell's argument that Mt. Hawley *lacked good faith* in its investigation, the Court did not rule on Mt. Hawley's argument that Mt. Hawley *demonstrated good faith* in its investigation. (Mot. Recon. at 2.) Mt. Hawley is correct. (*See* Mt. Hawley Mem. M.S.J. at 41, ECF No. 110-1.) Consequently, the Court exercises its discretion to reconsider its judgment and decide Mt. Hawley's partial motion for summary judgment on Adell's lack of good faith claim. *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013) ("[W]hen warranted, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment.").

## II. *Mt. Hawley's Motion for Partial Summary Judgment*

To prevail on its lack of good faith claim, *see* Md. Cts. & Jud. Proc. § 3-1701 (West 2016), Adell must establish that (1) it was entitled to coverage and (2) Mt. Hawley acted in bad faith, *see St. Paul Mercury Ins. Co. v. Am. Bank Holdings Inc.*, 819 F.3d 728, 739 (4th Cir. 2016). It follows that Mt. Hawley may defeat the lack of good faith claim by showing the absence of either element. In its previous Memorandum, the Court concluded that the parties genuinely disputed whether Mt. Hawley owed coverage to Adell and, therefore, held that Adell could not establish lack of good faith at the summary judgment stage. *Mt. Hawley*, Civ. No. JKB-17-252. In its motion to reconsider, Mt. Hawley adds that Adell's lack of good faith claim fails at the summary judgment stage.

On its motion for partial summary judgment, Mt. Hawley bears the burden of showing that Adell's lack of good faith claim fails. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[I]t is clear . . . that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Having held that the issue of coverage is genuinely disputed, the Court turns to whether the parties genuinely dispute the material issue of Mt. Hawley's good faith or lack thereof.

"Good faith" is defined in the statute as "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim." Md. Code Ann. Cts. & Jud. § 3-1701(a)(4); *see, e.g.*, *Barry v. Nationwide Mut. Ins. Co.*, 298 F. Supp. 3d 826, 831 (D. Md. 2018) (holding insured stated lack of good faith claim by alleging insurer's delay, failure to dispute nature or cost of injury, and unwillingness to negotiate). "Cases construing [this] good-faith standard are sparse." *All Class Const., LLC v. Mut. Benefit Ins. Co.*, 3 F. Supp. 3d 409, 416 (D. Md. 2014). These cases have settled on a totality-of-the-circumstances approach, looking to: (1) "measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds"; (2) "the substance of the coverage dispute or the weight of legal authority on the coverage issue"; and (3) "the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage." *Cecilia Schwaber Trust Two v. Hartford Accident & Indem. Co.*, 636 F. Supp. 2d 481, 486–87 (D. Md. 2009). On its own, the fact that an insurer disputes

coverage will not sustain a lack of good faith claim. *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, Civ. No. ELH-16-3431, 2018 U.S. Dist. LEXIS 49023, at *27–28 (D. Md. March 23, 2018). Rather, "[t]he question of good faith turns . . . on . . . what the insurer reasonably believed and articulated they covered at the time of denial." *Charter Oak Fire Co. v. Am. Capital, Ltd.*, Civ. No. DKC-09-100, 2016 WL 827380, at *15 (D. Md. March 3, 2018).

Mt. Hawley asserts it acted with honesty and diligence and performed a reasonable investigation. (Mt. Hawley Mem. M.S.J. at 41; Mem. Mot. Recon. at 14, ECF No. 137-1.) Mt. Hawley supports this assertion with a declaration from its claim professional detailing the steps taken immediately after the fire. (Mt. Hawley Mem. M.S.J. Ex. 16, ECF No. 110-18.) Mt. Hawley also cites its correspondence with Adell, including an October 2016 reservation of rights letter and January 2017 denial of coverage letter. (Mt. Hawley Mem. M.S.J. Ex. 16(B)(D)(L).) Based on the declaration and correspondence, Mt. Hawley argues its claim professional sufficiently investigated and reasonably decided the claim. (Mem. Mot. Recon. at 16.) Throughout the process, Mt. Hawley communicated with Adell, explaining the investigation and, in the end, the denial of coverage. (*Id.* at 17.) Mt. Hawley concludes that "no reasonable trier of fact could find that Mt. Hawley lacked good faith in its handling of this matter." (*Id.*)

Adell disagrees, offering several examples of Mt. Hawley's bad faith, which Adell supports with deposition testimony. (Mem. Opp. Mot. Recon. at 6–8, ECF No. 142; *see also* Adell Mem. M.S.J. at 28–32, ECF No. 95.) Mt. Hawley responds to each assertion of bad faith in turn. (Mem. Reply Supp. Mot. Recon. at 8–11, ECF No. 143.) The Court does not repeat every bad faith argument here; instead, it notes those arguments on which it relies in finding a dispute of fact. For example, Adell argues Mt. Hawley stopped covering Adell's losses for a reason other than the coverage dispute, pointing to the information available to Mt. Hawley at the time it made the

decision to dispute coverage—e.g., Mt. Hawley concluded there would be no subrogation several days before it issued its reservation of rights letter. (Mt. Hawley Mem. M.S.J. Ex. 23 at 170:13–173:22, ECF No. 95-24.) Next, Adell argues Mt. Hawley delayed obtaining the sprinkler system monitoring logs even though Mt. Hawley knew the evidence would be critical to the dispute. (Mem. Opp. Mot. Recon. at 7; Adell Mem. M.S.J., Ex. 9 at 184:21–186:4.) Mt. Hawley claims it requested the monitoring logs from Adell, (Mt. Hawley Mem. M.S.J., Ex. 16(D)), but Adell asserts it had no access to the logs and could not request them because Adell had been advised not to contact the monitoring companies, (Adell Mem. M.S.J., Ex. 20 at 128:4–129:23, ECF No. 95-21). Mt. Hawley replies that it did not request the monitoring logs only from Adell but also requested them from a detective, who had subpoenaed them. (Mem. Reply Supp. Mot. Recon. at 10.)

This type of back and forth convinces the Court that both parties have presented sufficient facts to render the lack of good faith issue genuinely disputed. The parties dispute why Mt. Hawley stopped covering Adell's losses: Mt. Hawley claims the investigation revealed the sprinklers never activated, and Adell claims Mt. Hawley is using the sprinklers as pretext to deny coverage after its attempts at subrogation failed. (Mem. Mot. Recon. at 17; Mem. Opp. Mot. Recon. at 6.) The parties also dispute Mt. Hawley's diligence in obtaining the monitoring logs: Mt. Hawley claims it pursued the logs from multiple sources, and Adell claims Mt. Hawley failed to promptly obtain the logs despite understanding their significance to the investigation. (Mem. Mot. Recon. at 15; Mem. Opp. Mot. Recon. at 7; Mem. Reply Supp. Mot. Recon. at 10.) Significantly, the parties continue to dispute whether Adell is entitled to coverage. *See Mt. Hawley*, Civ. No. JKB-17-252. Because "the substance of the coverage dispute" is a factor in deciding lack of good faith, *Cecilia Schwaber*, 636 F. Supp. 2d at 487, the questions of coverage and good faith may be (and, in this case, appear to be) intertwined.

Mt. Hawley cites several cases for the proposition that, even where the issue of coverage is still in dispute, courts may conclude the insured failed to allege or establish a lack of good faith. (Mem. Mot. Recon. at 1.) That general proposition is undoubtedly true. *See, e.g.*, *All Class*, 3 F. Supp. 3d at 418 (noting that, regardless of whether the insurer breached the contract, the insured failed to state lack of good faith claim). Each of the cited cases dismissed the lack of good faith claim because the insured failed to allege sufficient bad faith. *See All Class*, 3 F. Supp. 3d at 418 (dismissing lack of good faith claim because insured supported claim with only two denial letters, which sufficiently explained the denial of coverage, and, consequently, insured failed to create reasonable inference of bad faith); *Pa. Nat'l Mut. Ins. Co. v. Tate Andale, Inc.*, Civ. No. ADC-17-0670, 2018 U.S. Dist. LEXIS 66981, at *15–16 (D. Md. April 19, 2018) (dismissing lack of good faith claim because insurer provided lengthy communications between parties in which insurer explained its decision to deny coverage); *Class Produce Grp.*, 2018 U.S. Dist. LEXIS 49023, at *26 (dismissing lack of good faith claim because insured "alleged only conclus[ions,]" e.g., that the insurer "fail[ed] to properly investigate").

This case is distinguishable. Adell does not merely put forward two denial letters or even a stream of correspondence explaining the denial of coverage. *See All Class*, 3 F. Supp. 3d at 418; *Pa. Nat'l Mut.*, 2018 U.S. Dist. LEXIS 66981, at *15–16. Nor does Adell solely offer the conclusion that Mt. Hawley acted in bad faith, *see Class Produce Grp.*, 2018 U.S. Dist. LEXIS 49023, at *26; though Adell does offer some conclusory statements—e.g., "Mt. Hawley shifted positions and furthered its own interests to the detriment of its unsuspecting policyholder"; "Mt. Hawley misled Adell." (Mem. Opp. Mot. Recon. at 7.) The Court does not rely on unsupported or conclusory statements; rather, the Court has examined the parties' arguments and accompanying exhibits to determine that there is a genuine issue of material fact as to Mt. Hawley's good faith.

Where there is *any* dispute of material fact, a court must deny summary judgment. *See Charter Oak*, 2016 WL 827380, at *15 (denying cross-motions for summary judgment on lack of good faith claim because a single letter claiming a joint venture provision precluded coverage did not resolve the dispute of fact as to whether the decision to deny coverage was "based on honesty and diligence"). The Court does note that the lack of good faith issue appears to tilt in Mt. Hawley's favor. At the summary judgment stage, however, it is not for the court to pile the evidence onto the scale and see which side weighs more. *See Anderson*, 477 U.S. at 249. To do so, and to decide in Mt. Hawley's favor, would usurp the role of the factfinder.

### III. Conclusion

For the foregoing reasons, an Order shall enter granting Mt. Hawley's motion to partially reconsider and denying Mt. Hawley's motion for partial summary judgment as to the good faith claim.

DATED this 3rd day of December, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge