IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MT. HAWLEY INS. CO., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-00252 |
| ADELL PLASTICS, INC., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \*
\* \*

## MEMORANDUM

This insurance coverage dispute arose after a fire demolished several buildings at the Baltimore facility of Adell Plastics, Inc. Adell had a commercial property insurance policy with Mt. Hawley Insurance Co. But, in January 2017, Mt. Hawley sued Adell, seeking a declaration that, under its insurance policy, Mt. Hawley owed no coverage, and seeking a recoupment of a substantial advance payment. Adell filed a counterclaim, alleging that Mt. Hawley had breached its insurance contract, broken promises, and acted with a lack of good faith. Trial is now set to begin on July 8, 2019. Pending before the Court are the parties' pretrial motions. In this Memorandum, the Court addresses two of them: Adell's "Motion to Set Order of Trial Presentation and to Designate Adell as Plaintiff for Trial" and Mt. Hawley's "Motion to Bifurcate or Otherwise Phase Trial to Determine Coverage First." The issues have been fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will grant both motions.

1

## I. Order of Proof at Trial

District courts have broad discretion to set the order of proof at trial. *Auffarth v. Nationwide Mut. Ins. Co.*, Civ. No. WDQ-08-1399, 2012 WL 70637, at *2 (D. Md. Jan. 5, 2012) (citing *Anheuser-Busch, Inc. v. John Labatt, Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996)). In exercising this discretion, courts may realign parties so that the named plaintiff becomes the defendant and the named defendant becomes the plaintiff.

Courts in this circuit have realigned parties to name the party with the burden of proof the plaintiff and, thus, to facilitate "the most logical presentation" of evidence. *Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, Civ. No. WDQ-08-2764, 2011 WL 3240456, at *4 (D. Md. July 27, 2011) (ordering defendant and counter claimant would "proceed as if it were the plaintiff"); *see also Auffarth*, 2012 WL 70637, at *2 (ordering defendant and counter claimant would present evidence first and have rebuttal because it bore the burden of proof on the only issue to be tried); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Reichhold, Inc.*, Civ. No. 06-939, 2009 WL 3125483, at *9 (M.D.N.C. Sept. 30, 2009) (granting realignment because it "would assist in presentation of evidence and would remove unnecessary confusion given the present alignment of the parties"). Similarly, courts in other circuits realign parties in light of which party has the burden of proof. *Anheuser-Busch*, 89 F.3d at 1344 ("Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof."); *see, e.g., Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, Civ. No. 91-6103, 1995 WL 5895, at *3 (N.D. Ill. Jan. 4, 1995) (realigning parties because insureds, the named defendants, had burden to establish coverage and prove damages such that insurers were plaintiffs "in name only").

A court generally will not realign parties where the named plaintiff retains the burden to prove at least one of its claims. *Ericsson Inc. v. Harris Corp.*, Civ. No. 98-2903, 1999 WL 604827,

2

at *2 (N.D. Tex. Aug. 11, 1999); *see Am. Home Assurance Co. v. Merck & Co.*, 462 F. Supp. 2d 435, 442 (S.D.N.Y. 2006) (holding realigning would prejudice the named plaintiff where both parties had the burden of proof on certain counts). But, it is not necessary for realignment that the named defendant have the burden of proof on every issue. *See Price v. Washington*, Civ. No. 10-2202, 2012 WL 2865484, at *2 (N.D. Tex. July 12, 2012) (realigning parties where defendant had "the burden of proof on the primary contested issues" and where plaintiff did not establish legal prejudice); *Geico Cas. Co. v. Beauford*, Civ. No. 05-697, 2007 WL 2446552, at *1 (M.D. Fl. Aug. 23, 2007) (realigning parties where named plaintiff retained burden of proof on its declaratory judgment claim but named defendants' claims would predominate the trial). Realignment is appropriate where the case has evolved such that the ultimate burden has shifted from the plaintiff to defendant. *Ericsson*, 1999 WL 604827, at *2.

Adell has the burden of proof on "the primary contested issues." *See Price*, 2012 WL 2865484, at *2. First, Adell has the burden of establishing that Mt. Hawley's insurance policy covers Adell. *See Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001) (concluding party seeking relief for breach of contract bears burden of establishing (1) a valid contractual obligation and (2) the other party's breach of that obligation). To establish coverage, Adell must prove that it complied with the insurance contract's Protective Safeguard Endorsement by keeping its sprinklers in "complete working order." (Memo. Op. at 10, ECF No. 134.) After establishing coverage, or the validity of the contractual obligation, Adell has the burden of showing Mt. Hawley breached it. *Id.* Next, Adell has the burden of establishing that Mt. Hawley acted with a lack of good faith. *See* Md. Code Ann. Ins. § 27-1001. If Adell cannot meet its burden on the first question of insurance coverage, Adell necessarily cannot establish breach or lack of good faith. *See Taylor*, 776 A.2d at 651; *St. Paul Mercury Ins. Co. v. Am. Bank Holdings, Inc.*, 819 F.3d 728,

739 (4th Cir. 2016) (affirming summary judgment on lack of good faith where insured could not show that coverage existed). These issues, on which Adell has the burden of proof, will likely predominate at trial. Allowing Adell to proceed as plaintiff would create the most logical presentation of evidence and avoid confusing the jury.

In opposition, Mt. Hawley argues that it is the proper plaintiff and that realignment is not warranted. Mt. Hawley argues that, as the party that filed suit, it is the plaintiff, citing several cases in which district courts declined to realign parties. (ECF No. 158 at 8–9.) But, these cases do not hold that named plaintiffs must proceed as the plaintiff at trial. *See Anheuser-Busch*, 89 F.3d at 1344 (holding district court did not abuse its discretion in declining to realign where the parties split the burden of proof on several issues); *Travelers Lloyds Ins. Co. v. Cruz Contracting of Tex.*, Civ. No. 16-759, 2017 U.S. Dist. LEXIS 215264, at *20 (W. D. Tex. Mar. 17, 2017) (declining to realign where plaintiff had burden to prove declaratory judgment regardless of the outcome of defendants' counterclaims); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, Civ. No. 03-1431, 2006 U.S. Dist. LEXIS 42159, at *21 (N.D. Cal. June 12, 2006) (declining to realign where plaintiff and defendant both had the burden of proof on different claims). Mt. Hawley also quotes, "It is elemental that the party who files a lawsuit is designated as the plaintiff. This designation is based on the party's burden to prove the claims initially asserted in the lawsuit." (ECF No. 158 at 9 (quoting *Ericsson*, 1999 WL 604827, at *2).) Rather than supporting Mt. Hawley's argument that the named plaintiff should proceed as the plaintiff at trial, this quotation explains that the reason the named plaintiff generally proceeds first is because the named plaintiff generally has the burden of proof.

Mt. Hawley argues that, even as a declaratory judgment plaintiff, one that is typically in the role of defendant, Mt. Hawley is still the proper plaintiff. Mt. Hawley points out that courts

have rejected motions to realign where a party sues on declaratory judgment. (ECF No. 158 at 10.) *See Am. Home Assurance*, 462 F. Supp. 2d at 442 (declining to realign where plaintiff sought declaration of its rights and that question was "still very much the central dispute in th[e] action"); *L-3 Comm'ns Corp. v. OSI Sys.*, 418 F. Supp. 2d 380, 383 (S.D.N.Y. 2005) (concluding, in general, the party with burden of proof opens and closes the case, but, where both parties have burden of proof on some counts, the court "has good grounds" to let the party who filed first proceed as declaratory judgment plaintiff); *Rowan Cos. v. Ainsworth*, 50 F. Supp. 2d 588, 590–91 (W.D. La. 1999) (concluding declaratory judgment plaintiff—even though it was a traditional defendant—had the burden of proving no liability because it chose to bring the action). That Mt. Hawley is a declaratory judgment plaintiff is not determinative here. As these cases confirm, the district court should look to where the weight of the burden of proof lies. Mt. Hawley's declaratory judgment claim depends on whether Adell shows that it kept its sprinklers in "complete working order" and, thus, that insurance coverage existed. Although some declaratory judgment plaintiffs have the burden of proof, Mt. Hawley does not.

Mt. Hawley argues that it does have the burden of proof on some issues, and, as such, realignment is not warranted.[1] Mt. Hawley asserts that the cases that were realigned in this district, *Auffarth*, 2012 WL 70637, at *2, and *Coryn*, 2011 WL 3240456, at *4, were realigned because the defendant had the burden of proof on the only remaining issues. That is essentially true here. Adell has the burden of establishing insurance coverage, breach, and lack of good faith. These issues make up the structural framework of the case. Mt. Hawley asserts that it has the burden to

---

[1] Mt. Hawley argues that courts realign parties under two circumstances: (1) where the defendant and counterclaimant "bears the burden of proof on the sole issue(s) remaining for trial, which arise specifically from the counterclaim," or (2) to remedy improper forum shopping. (ECF No. 158 at 11.) Whether Adell implied that Mt. Hawley improperly filed suit has no bearing on the Court's decision. Because the Court concludes that Adell's burdens of proof justify realignment, the Court does not address Mt. Hawley's arguments regarding the second circumstance.

5

prove its affirmative defenses—limitations and exclusions to coverage—and its money damages claim. (ECF No. 158 at 14–16.) That Mt. Hawley has the burden to prove its affirmative defenses against coverage reinforces its position as a traditional defendant. That Mt. Hawley is pursuing restitution does not shake that conclusion either because the court has already decided the restitution issue. (Memo. Op. at 19–20, ECF No. 134 ("If, at trial, the Court finds that Adell failed to comply with the Endorsement and is not entitled to coverage, Mt. Hawley can recover the $1 million advance payment under principles of restitution.").) The Court does not see the situation here as one in which the burden of proof is split between Adell and Mt. Hawley; rather, Adell has the burden to prove each claim, and Mt. Hawley has the burden to establish its defenses.

Accordingly, to make the most logical presentation of the evidence at trial, the Court realigns the parties and designates Adell as plaintiff.

## II. *Bifurcation or Phasing of Trial Issues*

District courts have discretion to order separate trials of one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). In civil cases, bifurcation is the exception, not the rule. *Cherdak v. Stride Rite Corp.*, 396 F. Supp. 2d 602, 604 (D. Md. 2005). The court's discretion should be guided foremost by the consideration of "which procedure is more likely to result in a just and expeditious final disposition of the litigation." *See* 9A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3rd ed. 2010). "The burden of proving that bifurcation is warranted rests with the moving party." *Morgan v. Prince George's Cty.*, Civ. No. AW-09-1584, 2010 WL 64405, at *2 (D. Md. Jan. 5, 2010). Insurers, like Mt. Hawley, often move for bifurcation and are largely successful. *See* Steven Plitt, et al., *Practice & Procedure in Ins. Litig.*, 17 Couch on Ins. § 246:5 (3d. ed. 2018) ("[B]ifurcation of bad-faith claims has been deemed proper when the action also involved disputes

as to whether there was, in fact, coverage for the particular claim, or such 'consequential' claims as breach of duty to pay or to settle."). Mt. Hawley argues that bifurcation would serve judicial economy and efficiency; the contested issues are distinct; and, bifurcation would avoid prejudice. The Court agrees that bifurcating the issues and phasing them at trial is appropriate.

Judicial efficiency is particularly relevant here because the resolution of the first issue might vitiate the need to address the other issues. *See Amato v. City of Saratoga Springs*, 170 F.2d 311, 316 (2d. Cir. 1999) ("[B]ifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue."); *Equitable Life Assurance Soc'y v. Berry*, 260 Cal. Rptr. 819, 822 (6th Dist. 1989) (severing coverage from bad faith because coverage issue was scheduled to consume two days, the bad faith issue was scheduled to consume several weeks, and judgment in favor of insurer on coverage would end the lawsuit). Adell includes a list of witnesses to show that some witnesses will testify as to both coverage and lack of good faith. (ECF No. 177 at 16–18.) This list demonstrates the large amount of evidence that is irrelevant to the first question of coverage: whether the sprinklers were in "complete working order." That some witnesses may have to testify twice does not justify the confusion that would be caused by hearing all the testimony at once—including much testimony that may not end up being necessary at all. Because deciding coverage in favor Mt. Hawley would end this case, it serves judicial economy and efficiency to focus on that issue first and on its own.

The contested issues are distinct. In arguing otherwise, Adell states, "Mt. Hawley's inconsistent knowledge, admissions, and positions are highly relevant evidence that tends to prove the error of the insurer's denial and supports Adell's breach of contract claim." (ECF No. 177 at 19.) This argument distracts from the central reason behind bifurcation—that coverage is a distinct issue that could end the litigation—and, in fact, demonstrates how allowing the parties to try all

the issues together could confuse the jurors. The coverage issue is distinct because it hinges on whether Adell maintained its sprinklers in "complete working order." Evidence that proves the condition of the sprinklers is separate from evidence tending to prove that Mt. Hawley did not pay under the contract (an undisputed issue (*see* ECF No. 206 at 4)) or that Mt. Hawley acted with a lack of good faith at the time it did not pay under the contract. As Mt. Hawley points out, those questions must be answered from different temporal perspectives: first, whether the sprinklers were maintained at the time of the fire based on discovery up to now, and, second, what Mt. Hawley knew at the time it denied payment in January 2017. (ECF No. 169-1 at 13–14.)

Sometimes courts will grant bifurcation motions because of "the substantial risk of prejudice" to the insurer. *See Aetna Cas. & Sur. Co. v. Nationwide Mut. Ins. Co.*, 734 F. Supp. 204, 208 (W.D. Pa. 1989) (granting bifurcation motion to try the coverage issue first "because of the substantial risk of prejudice to Nationwide from joining the coverage and bad faith issues"); *Saint John's African Methodist Episcopal Church v. GuideOne Specialty Mut. Ins. Co.*, 902 F. Supp. 2d 783, 788 (E.D. Va. 2012) (bifurcating coverage and bad faith claims because "[a]ny reference to [insurer's] alleged bad faith in denying [insured's] insurance claim or failing to pay [insured] under the insurance policy, as well as any evidence offered solely to establish such bad faith, would serve only to prejudice the jury"). Prejudice could occur here, but judicial efficiency and the distinct nature of the issues alone warrant a phasing of the issues at trial.

Adell spends much of its opposition arguing that the trial should not be bifurcated into two trials such that two separate juries would hear the issues. (ECF No. 177 at 6–7, 14, 15 n.7, 18.) Adell points out that convening two juries would be neither convenient nor expeditious. *See In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) ("[Bifurcation] must not divide issues between separate trials in such a way that the same issue is reexamined by different juries.

The problem is not inherent in bifurcation. It does not arise when the same jury is to try the successive phases of the litigation."). In granting Mt. Hawley's motion, the Court will order a *phasing* of the trial issues to be decided by a *single* jury.

The Court will phase trial because doing so will expedite trial and keep separate two distinct stories. The motion to bifurcate or phase will be granted in a manner consistent with minimizing the cost of litigation to the parties and prudent use of the Court's resources. The parties will prepare coverage, breach, lack of good faith, damages, and all other issues for trial. The coverage issue will be tried and submitted to the jury. Next, if necessary in light of the verdict on coverage, the remaining issues will be tried to the same jury.

### III.   *Conclusion*

For the foregoing reasons, an Order shall enter granting Adell's "Motion to Set Order of Trial Presentation and to Designate Adell as Plaintiff for Trial" (ECF No. 155) and granting Mt. Hawley's "Motion to Bifurcate or Otherwise Phase Trial to Determine Coverage First" (ECF No. 169).

DATED this 3 day of June, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge