# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADELL PLASTICS, INC., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-00252 |
| MT. HAWLEY INS. CO., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On December 7, 2018, on the deadline for Rule 26(a)(2) disclosures, (*see* Supp. Scheduling Order, ECF No. 140), Mt. Hawley disclosed nine expert witnesses, including expert reports for four of those witnesses. (Mot. to Exclude Exh. A, ECF No. 165-4.) The five individuals without written reports were Brian Dykstra, William F. Stumme, Craig Rager, Nicholas Nava, and Benjamin Streifel. (*Id.*) Adell now moves to exclude these five individuals from testifying at trial pursuant to Federal Rule of Civil Procedure 37(c)(1). (Mot. to Exclude, ECF No. 165.) Adell argues that they are experts that Mt. Hawley did not properly disclose by failing to include expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

Rule 26(a)(2)(A) requires litigants to disclose the identity of any witness they may "use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 26(a)(2)(B) further requires litigants to produce written reports for any witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." Where a witness is not required to provide a written report, the disclosure need only state: "(i) the subject matter on which the witness is expected to

present [expert testimony] evidence . . . and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). In short, a "retained expert" must be disclosed with a report pursuant to Rule 26(a)(2)(B), and that report limits the expert's testimony. *See Arbogast v. Chesterton*, Civ. No. JKB-14-4049, 2016 WL 2924022, at *3 (D. Md. May 18, 2011) (excluding testimony as to a conclusion not contained in the written report). By contrast, a so-called "hybrid witness" may be disclosed with a briefer statement pursuant to Rule 26(a)(2)(C). *Meredith v. Int'l Marine Underwriters*, Civ. No. JKB-10-837, 2011 WL 1466436, at *4 (D. Md. Apr. 18, 2011). The hybrid witness exception from additional disclosure requirements applies where "testimony is given arising out of personal observations made in the normal course of duty." *Nat'l R.R. Passenger Corp. v. Ry. Express, LLC*, 268 F.R.D. 211, 216 (D. Md. 2010). "A party seeking to avoid producing an expert report bears the burden of demonstrating that the witness is a hybrid." *Meredith*, 2011 WL 1466436, at *4.

Mt. Hawley asserts that Dykstra, Stumme, Rager, and Nava are fact witnesses whom Mt. Hawley disclosed as experts in an abundance of caution. (Opp. Mot. to Exclude at 1–2, ECF No. 180.) Parties need not submit written reports for fact witnesses. Therefore, there is nothing improper about the disclosures at this time. If it becomes clear that these witnesses will testify as hybrid or expert witnesses, Adell may renew its objection.

As for Streifel, Mt. Hawley asserts that he is a hybrid witness. (Opp. Mot. to Exclude at 11.) Even if Streifel was mischaracterized as a hybrid witness, Mt. Hawley argues, "whatever there is to disclose about [him] was fully disclosed on December 7, 2018, when his signed, written report . . . was served on Adell, as Appendix N to the Tom Long Report." (*Id.*) The Court does not decide whether Streifel is a retained expert or a hybrid witness. Even assuming that Streifel is a retained expert, the Court will not exclude Streifel's testimony. Under

Rule 37(c)(1), a district court shall exclude testimony "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . unless the failure was substantially justified or is harmless." The basic purpose of Rule 37(c)(1) is to prevent surprise and prejudice to the opposing litigant. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Here, Mt. Hawley timely submitted its Rule 26(a)(2) disclosures, listing Streifel pursuant to Rule 26(a)(2)(C) and including Streifel's report as an attachment to R. Thomas Long's expert report. (Mot. to Exclude Exh. A.) On February 16, Mt. Hawley amended the disclosures, including additional information as to Streifel and drawing attention to Streifel's report. (Opp. Mot. to Exclude Exh. 6, ECF No. 180-7.) Based on these events, the Court concludes that any failure on the part of Mt. Hawley to conform to Rule 26(a)(2)(B) is harmless. Adell will be neither surprised nor prejudiced by Streifel's testimony, which will be limited to the facts and opinions contained in his report. Any objections to Streifel's testimony may be raised at trial.

Adell's "Motion to Exclude Experts Improperly Disclosed Without Rule 26(a)(2)(B) Reports" (ECF No. 165) is DENIED WITHOUT PREJUDCE.

DATED this __3__ day of June, 2019.

BY THE COURT:

_____

James K. Bredar
Chief Judge

3